U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 9 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLETO TARIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-391-A |
| | § | (NO. 4:16-CR-021-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Cleto Tarin ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant was named, along with thirteen others, in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.¹ 37. The case went to trial on April 11, 2016, CR Docs. 283, 284, and movant was convicted by a jury of the charge against him. CR Doc. 289. On August 5, 2016, movant was sentenced to a term of imprisonment of 420 months, to be followed by a four-year term of supervised release. CR Doc. 529. Movant appealed. CR Doc. 539. The United States Court of Appeals for the Fifth Circuit removed his counsel, John W. Stickels ("Stickels"), and appointed Shannon Hooks to represent movant on appeal. CR Doc. 714. On December 11, 2017, the Fifth Circuit affirmed the judgment. United States v. Tarin, 705 F. App'x 335 (5th Cir. 2017). In particular, the opinion noted: "The record is replete with evidence that each defendant committed the crime charged against him by the indictment, and that evidence is not tenuous." Id. at 336.

II.

Grounds of the Motion

Movant urges four grounds in support of his motion. The grounds and supporting facts are stated as follows:

> Ground One: Conviction obtained by use of coerced confession.
> Supporting Facts: F.B.I. Task Force Officer Tye Davis, A.T.F. Tas[k] Force Officer Tony Ozuna, and ATF Officer Chris Smith extracted a[n] involuntary induced false

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-021-A.

2

>     confession inside of a van outside the Ft. Worth
>     federal building using petitioners medical condition as
>     leverage

Doc.[2] 1 at 7.

>     Ground Two: Conviction obtained by a violation of the
>     privilege against self incrimination.
>     Supporting Facts: The coerced confession was used
>     against petitioner at trial and should have been
>     suppressed in violation of the self incrimination
>     standard and petitioner's rights were violated after he
>     invoked his right to counsel prior to the custodial
>     interrogation took place

Id.

>     Ground Three: Denial of effective assistance of counsel
>     Supporting Facts: 9 counts of chronic ineffective
>     assistance of counsel on pre-trial proceedings, trial,
>     sentencing, and appeal (see attached brief in support)

Id.

>     Ground Four: Denial of the right to a proper appeal
>     Supporting Facts: Numerous violations counsel would not
>     appeal (see attached brief in support) to include the
>     denial of the suppression motion

Id. at 8.

The motion has a 21-page brief attached. The brief couches all of movant's grounds in terms of ineffective assistance of counsel, contrary to the motion. The government interprets movant's motion as presenting eleven grounds for relief. Doc. 9.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

## Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

4

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

5

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A.  Grounds One and Two

In his first two grounds, movant claims that his conviction was obtained by a coerced confession and by violation of his privilege against self-incrimination. Doc. 1 at 7. These grounds could and should have been raised on appeal and cannot be pursued here absent a showing of cause and prejudice. United States v. Guerra, 94 F.3d 989, 993-94 (5th Cir. 1996). Movant has not attempted to make such showing. In this regard, the court notes that movant filed a motion to suppress. CR Doc. 165. The court heard the motion prior to trial. CR Doc. 281. The case agent testified; movant did not. Id. The motion to suppress was denied. Id.; CR Doc. 282. The confession was knowing and voluntary.

B.  Ground Three

In his third ground, movant asserts that he received ineffective assistance of counsel. Doc. 1 at 7. In this regard, he relies upon the brief filed as part of the motion. Id. The nine claims thereunder are as follows:

1. Counsel was ineffective for failing to file a motion to sever movant's case from that of Hector Saldivar, the co-defendant who was tried with movant. Doc. 1 at PageID[3] 12-15. Movant alleges that he and Saldivar were not part of the same conspiracy and should not have been tried together. This claim is belied by the record. As the Fifth Circuit noted, the "record is replete with evidence" that movant and Saldivar committed the crime charged against them. Tarin, 705 F. App'x at 336. Movant is mistaken in his contention that he and Saldivar had to have known each other to be part of the same conspiracy. See, e.g., United States v. Pierce, No. 17-20069, 2018 WL 2186491, at *1 (5th Cir. May 11, 2018); United States v. Winship, 724 F.2d 1116, 1122 (5th Cir. 1984).

2. Counsel was ineffective for failing to object and seek a mistrial when co-defendant Cecil Hindman testified at trial that he and movant lived together in a half-way house. Doc. 1 at Page

---

[3]The "PageID __" reference is to the number assigned to the page by the court's electronic filing system.

7

ID 15-17. Although Hindman did testify to that effect, as the court pointed out when finalizing the charge, the jury had not "been told that anybody was found guilty of other offenses." CR Doc. 669 at 190. As the cases movant cites make clear, the court applies a harmless error analysis in this instance. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); Dorsey v. Quarterman, 494 F.3d 527, 531 (5th Cir. 2007). Movant is not entitled to relief unless the extrinsic evidence of prior crimes had a substantial and injurious effect or influence in determining the jury's verdict. Dorsey, 494 F.3d at 531. There is no reason to believe the testimony in issue had any effect, much less a substantial and injurious one, on the jury's verdict. As the Fifth Circuit noted, the testimony of another witness, Miguel Martinez, was by itself sufficient to convict. Tarin, 705 F. App'x at 336.

3. Counsel was ineffective in refusing to allow movant to testify in his own defense. Doc. 1 at PageID 17-22. Movant says that he would have testified that his confession was coerced. He also says that his sister would testify that she drove him to Fort Worth to turn himself in and that agents told her to "go home and they would contact her after they booked Movant in and processed him out on bond later on that day." Id. at PageID 20. But this ground is not supported by affidavit or declaration and there is no reason to believe that it is true.

8

Movant says that his attorney advised him not to take the stand so that the jury would not be made aware of his criminal history, which was quite extensive. Id. at PageID 17; CR Doc. 340 at 12-23. (As noted, movant had a criminal history category of VI. CR Doc. 340 ¶ 122.) The advice was sound and movant agreed with it.

Even if movant could show that he was prevented from testifying against his will, he cannot show a reasonable probability that, had he testified, the outcome would have been different. United States v. Mullins, 315 F.3d 449, 455-56 (5th Cir. 2002). Movant's confession was only a small part of the evidence against him. Again, as the Fifth Circuit noted, the testimony of Miguel Martinez was itself sufficient to convict. Tarin, 705 F. App'x at 336.

4. Counsel was ineffective for failing to raise the voluntariness of the coerced confession as a jury question. Doc. 1 at PageID 22-23. As with the previous ground, movant fails to show that the outcome of the proceedings would have been different had this issue been raised at trial. Mullins, 315 F.3d at 455-56. Voluntariness of the confession had been raised through the motion to suppress and movant does not complain that

his counsel was ineffective in that regard.[4] The evidence of guilt was overwhelming. And, the jury was instructed to consider whether the confession was knowing and voluntary and to consider evidence concerning it with caution and great care. CR Doc. 669 at 224. Movant has not shown any clear error in the determination that his confession was voluntary. United States v. Martinez-Gaytan, 213 F.3d 890, 892 (5th Cir. 2000).

5. Counsel was ineffective in failing to appeal the denial of his motion to suppress. Doc. 1 at PageID 23-24. This ground is conclusory and fails for a number of reasons. Among them is that movant did not testify at the hearing on his motion to suppress and does not complain that he was denied the opportunity to do so. Rather, movant got a preview of the trial testimony and he and counsel had ample opportunity to prepare for it. Any contention that the court erred in denying his motion to suppress is frivolous and would not have been a proper ground for appeal. See Smith v. Robbins, 528 U.S. 259, 272 (2000)(the right to appellate representation does not include a right to present frivolous arguments). Further, movant's contention that his confession was not voluntary is simply not credible in light of his extensive criminal background and the circumstances of the

---

[4]The third and fourth grounds under the ineffective assistance argument only concern the alleged failure of movant's counsel to allow him to testify at trial, not at the suppression hearing. In any event, for the reasons discussed, counsel was not ineffective for advising movant not to testify.

case. And, the evidence of guilt was overwhelming even without the confession.

6-8. Counsel was ineffective for failing to object to the drug quantity calculation in the PSR, Doc. 1 at PageID 25, for failing to properly argue against the organizer leader role enhancement, id. at PageID 25-26, and failing to argue against the two-point enhancement for maintaining a drug premises, id. at PageID 26-27. These claims are belied by the record. Counsel filed objections to the PSR. CR Doc. 680. The probation officer rejected movant's position. CR Doc. 441. The court tentatively concluded that the objections were without merit. CR Doc. 509. Movant persisted in his objections at sentencing, but the court overruled them. CR Doc. 670 at 4-8. Movant did not present any evidence at the sentencing hearing and has not shown that any of these grounds has the slightest merit. The court was entitled to rely on the PSR and adopt its findings. United States v. Alaniz, 726 F.3d 586, 619 (5th Cir. 2013). Movant bore the burden of showing that the information contained in the PSR was materially untrue. Id. There is no indication that he could have done so. The documents movant attached to his motion do not in any way undermine the information in the PSR.

9. Counsel was ineffective for failing to file a motion requesting that movant be examined for competency. Doc. 1 at

PageID 28-29. This ground is wholly conclusory and unsupported by the record. The court had no reason to believe that movant at any time was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. 18 U.S.C. § 4241(a). In determining whether reasonable cause exists, the court considers (1) any history of irrational behavior, (2) movant's demeanor at trial, and (3) any prior medical opinion on competency. Drope v. Missouri, 420 U.S. 162, 180 (1975). The decision lies within the court's sound discretion. United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995). The medical records movant has attached to his motion show nothing more than that months before the trial, in January 2016, movant had suffered a seizure and that a subsequent MRI of the brain reflected that the brain was showing improvement. Doc. 1 at PageID 32. The competency argument is made of whole cloth.

C.  Ground Four

In his final ground, movant alleges that he was denied the right to a proper appeal. Doc. 1 at 8. In the section provided for supporting facts, movant makes the conclusory statement that there were "numerous violations counsel would not appeal." Id. He refers to his brief, but as discussed in the foregoing

12

subsection, movant has not shown that he received ineffective assistance of counsel in any respect. "Counsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." <u>Ries v. Quarterman</u>, 522 F.3d 517, 531-32 (5th Cir. 2008). Movant has not shown that his counsel failed to raise any meritorious ground, much less that he was prejudiced thereby.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 9, 2018.

JOHN McBRYDE
United States District Judge